Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5212 | **DATE** | 7/17/2000 |
| **CASE TITLE** | Stephen Simon vs. Allstate Employee Group, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss is granted. This case is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 18 2000 date docketed | 33 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 00 JUL 17 PM 4:05 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUL 17 2000

Judge Harry D. Leinenweber
U.S. District Court

STEPHEN SIMON, individually
and as assignees of Humanistic
Mental Health Foundation,

    Plaintiff,

v.

ALLSTATE EMPLOYEE GROUP
MEDICAL PLAN, and RODNEY T.
DANIELS, Individually and as
Plan Administrator,

    Defendants.

Case No. 99 C 5212

Judge Harry D. Leinenweber

**DOCKETED**

JUL 18 2000

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

The court addresses Defendants' The ALLCARE Plan and Daniels' Motion to Dismiss Plaintiff Simon's First Amended Complaint.

### BACKGROUND

Simon is an assignee suing the defendants for ERISA plan benefits. Simon brought a similar case in the Ninth Circuit, suing not only the defendants in this action, but 1,600 other ERISA plans and defendants. *See Simon v. Value Behavioral Health, Inc., et al.*, 955 F. Supp. 93 (C.D. CA 1997). The case was dismissed for lack of standing. *See Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1081 (9th Cir. 2000). The court held that "for us to grant Simon standing would be tantamount to transforming health benefit claims into a freely tradable commodity." *Id.*

23

Simon has filed at least four complaints in California. Simon has also brought two cases before this court. On April 20, 2000, this court dismissed with prejudice one of Simon's cases, *Simon v. Quaker Oats Co. Empl, et al.*, No. 99 C 5589, and dismissed the federal causes of action in the instant ALLCARE case.

## **DISCUSSION**

In deciding this motion to dismiss, the court accepts all well-pleaded allegations of the complaint as true, and any ambiguities are construed in favor of Simon. *See Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998).

Simon has filed his First Amended Complaint re-alleging ERISA and other federal causes of action as well as asserting ten state and common law claims. Simon's federal causes of action are dismissed outright based on this court's ruling on April 20.

The court also notes that for the second time, Simon has defied Local Rule 7.1. His first responsive pleading was twenty pages; this response is twenty-three pages.

The state and common law causes of action in Simon's First Amended Complaint are: (1) and (2) breach of oral and written contract; (3) breach of fiduciary duty; (4) promissory estoppel; (5) fraud; (6) conspiracy; (7) discrimination; (8) unfair and deceptive trade practices; (9) violations of the Illinois Anti-Trust Act; (10) and (11) misrepresentation and negligent misrepresentation; and (12) breach of an Alternative Dispute Resolution Agreement.

Most of Simon's claims are barred under the statutes of limitations. *See International Brotherhood of Electrical Workers v. Heckler*, 481 U.S. 851, 865 (1987) (Limitations issue is determined in the "first instance" before preemption issue). As evidenced in Exhibit A, which Simon appended to the First Amended Complaint, "C.R" incurred claims for ALLCARE Plan benefits between January 16, 1991 and February 28, 1991. As referenced in paragraph 2 of the First Amended Complaint and attached to the defendants' motion to dismiss, Simon received a final denial of benefits on July 22, 1994. *See Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)(documents referred to in complaint and attached to motion to dismiss reviewable by district court).

The statute of limitations therefore began to run, at the latest, on July 22, 1994. Simon filed the complaint commencing the instant action on August 9, 1999. The following claims are subject to a five year or less statute of limitations and are therefore barred: **Five years:** (1) breach of oral contract, 735 ILL.COMP.STAT. § 5/13-205; (2) fraud, *Beast Bearings, Inc. v. Challenger Parts Rebuilders Inc.*, 10 Ill.App.3d 404, 405 (2nd Dist. 1973); (3) conspiracy to commit fraud, *Traylor v. Central States Southeast and Southwest Area Pension Fund*, 83 C 2206, 83 C 6283, 1984 WL 3026, *1 (N.D. Ill. Nov. 6, 1984); and (4) negligent misrepresentation, *Ko v. Elder Indus. Inc.*, 287 Ill.App.3d 35, 42 (1st Dist. 1997); **Four years:** the Illinois Anti-Trust Act, 740 ILL.COMP.STAT. § 10/7; **Three**

**years**: benefits or breach of fiduciary duty under the Insurance Code, 215 ILL.COMP.STAT. § 5/357.12; and **Two years**: discrimination under the Illinois Human Rights Act 775 ILL.COMP.STAT. § 5/10-102.

Simon argues in his response that fraud, concealment and equitable tolling should suspend the running of the limitations periods. Despite the prolixity of Simon's complaint, both the First Amended Complaint and the motion to dismiss evidence that the benefits were denied in 1994 or before and the defendants did not conceal this denial. The court addresses Simon's remaining claims.

The court's April 20 ruling that Simon's state law claims were not pre-empted by ERISA was based on Simon's August 9, 1999 Complaint, which gave notice of potential claims that were not ERISA-based, non-derivative and could state a claim in line with cases such as *Glutzer v. Prudential Ins. Co.*, 997 F.Supp. 1070, 1072 (N.D. Ill. 1998) and *Madden v. Country Life Ins. Co.*, 835 F.Supp. 1081, 1087 (N.D.Ill. 1993). After all, "a complaint is not required to allege all, or any, of the facts logically entailed by the claim . . . a complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." *American Nurses' Association v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986).

However, in Simon's prolix First Amended Complaint he has pled no state or common law based allegations that are outside of ERISA's clear preemptive net. See 29 U.S.C. § 1144. In particular, Simon's remaining breach of contract, promissory estoppel, and

misrepresentation claims are pre-empted because the claims derive solely from an ERISA-based plan. Simon has alleged no separate, direct contractual relationship with the defendants. *Cf. Glutzer* 997 F.Supp at 1071, *Madden* at 1083. As the Seventh Circuit held in *Decatur Memorial Hospital v. Connecticut General Life Ins.*, 900 F.2d 925, 927 (7th Cir. 1993), the assignee of an ERISA plan beneficiary cannot have rights superior to the beneficiary. Moreover, preemption is not overridden just because the plaintiff will be left without a remedy. *See Lister v. Stark*, 890 F.2d 941, 946 (7th Cir. 1989); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

The breach of Alternative Dispute Resolution claim is also dismissed. Neither the ALLCARE Plan nor Daniels were parties to that agreement. Simon's claim arises out of a stipulation from another California lawsuit between Allstate Life Insurance Company and one of Simon's alleged assignor's, "Sunstar Health Care." The Alternative Dispute Resolution claim is inherently defective against the only defendants served in this case: ALLCARE and Daniels.

In his First Amended Complaint, Simon refers and cites to various Illinois statutes, including the Illinois Public Accounting Act, the UCC, the Illinois Surety Act, the Illinois Criminal Code and the Motor Vehicle Franchise Act. By failing to respond to the defendants' arguments against these claims, Simon has forfeited his right pursue these claims. *See Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995).

As to any remaining possible attempts that Simon has made to claim state or common law relief, they fail under Federal Rules of Civil Procedure 8(a)(2), 8(e) and 9(b). A complaint must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the plaintiff's claims. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990).

In his response, Simon seeks leave to amend his complaint. Simon's request is denied. As evidenced in Simon's two complaints in this case, his claims are fatally flawed.

## CONCLUSION

Therefore, for the foregoing reasons, the defendants' motion to dismiss is granted. This case is dismissed with prejudice.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: July 17, 2000